# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**v.**                                                 Case No:   6:17-cv-542-Orl-41GJK

**PHRANKIE RODRIGUEZ and DAIANA RODRIGUEZ,**

       **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT JUDGMENT AGAINST DAIANA RODRIGUEZ (Doc. No. 52)** |
| **FILED:** | **February 12, 2018** |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |

On March 27, 2017, the United States of America filed a Complaint against Phrankie Rodriguez, Daiana Rodriguez, Josefina Rodriguez, and Green Tree Servicing, LLC (collectively, the "Defendants") seeking the following, among other things: (1) to reduce to judgment Phrankie and Daiana Rodriguez's unpaid federal income tax liabilities for tax years 2005, 2006, 2009, 2010, 2011, and 2012; (2) to reduce to judgment Phrankie Rodriguez's federal income tax liabilities for tax years 2013 and 2014; and (3) to foreclose the federal tax liens attached to certain real property titled in the name of Josefina Rodriguez. Doc. No. 1. In Count I, with respect to Daiana and Phrankie's income tax liabilities, the United States alleges that as of March 24, 2017, together they

owe $100,559.42, including interest and statutory additions that continue to accrue.[1] *Id.* at ¶ 15. In Count II, the United States alleges that Phrankie is the true owner of certain property located in Orange County, Florida, and not his sister Josefina, even though she acquired a warranty deed to the property on April 17, 2001. *Id.* at ¶¶ 26-32. Also in Count II, the United States alleges that Green Tree Servicing holds the mortgage on the property. *Id.* at ¶ 29.

On April 5, 2017, Daiana was served with the summons and a copy of the Complaint through substitute service on her boyfriend that was residing at her residence. Doc. No. 8. Daiana did not respond to the Complaint. On May 19, 2017, a Clerk's default was entered against Daiana. Doc. No. 26. On February 6, 2018, the United States and Phrankie filed a "Stipulation for Entry of Judgment" and attached a proposed judgment stating that "Judgment is entered in favor of the United States and against defendant Phrankie Rodriguez in the amount of $146,720.29, for his unpaid income tax liabilities for the tax years 2005, 2006, 2009, 2010, 2011, 2012, 2013 and 2014, plus statutory additions and interest from March 24, 2017, that continue to accrue pursuant to 26 U.S.C. §§ 6621 and 6622." Doc. No. 51; Doc. No. 51-1 at 1. On February 23, 2018, the United States filed a "Stipulation for Dismissal of Count II of the United States' Complaint." Doc. No. 53. On March 5, 2018, the Court dismissed the claims against Josefina and Green Tree Servicing. Doc. No. 54 at 2.

On February 12, 2018, the United States filed its "Motion for Default Judgment Against Daiana Rodriguez" (the "Motion") pursuant to Federal Rule of Civil Procedure 55(b). Doc. No. 52. In the Motion, the United States states that a delegate of the United States Department of the

---

[1] The United States alleges that Phrankie, and not Daiana, has outstanding tax liabilities for 2013 and 2014, because the Rodriguezes did not file their taxes jointly for those years, as they did for 2005, 2006, 2009, 2010, and 2011. Doc. No. 1 at ¶¶ 12, 16. In the Motion for Default Judgment against Daiana Rodriguez, the United States asserts that although it alleged in the Complaint that she filed her taxes jointly with Phrankie in 2012, she filed separately that year "and is not liable for his outstanding income tax liability for that year." Doc. No. 52 at 2 n.1.

Treasury assessed against Phrankie and Daiana federal income tax, plus applicable penalties and interest. Doc. No. 52 at 2. The United States provided Daiana with notice of the assessments and demanded payment. *Id.* at 4. The United States alleges that "as of January 29, 2018, Daiana Rodriguez owes $54,258.21 based on account of income tax liabilities, plus interest as allowed by law until the balance is paid." *Id.* In support of the Motion, the United States attaches the affidavit of Revenue Officer Jacob Astarita and copies of the tax assessments. Doc. Nos. 52-1 – 52-3. Despite being served with the Motion, Daiana failed to respond to it.[2]

The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pleaded factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[3]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). To state a plausible claim for relief, a plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to

---

[2] The Motion was served on Daiana by mail. Doc. No. 52 at 8.
[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

A default judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of fact and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987) (citing *Nishimatsu*, 515 F.2d at 1206). "As a general rule, the court may enter a default judgment awarding damages without a hearing only if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits." *DirecTV, Inc. V. Huynh*, 318 F. Supp. 2d 1122, 1129 (M.D. Ala. 2004).

"Before a taxpayer is subject to any tax liability, the [IRS] must first determine that a tax deficiency exists." *United States v. Navolio*, No. 6:06-cv-1461-Orl-19GJK, 2008 WL 2413956, at *2 (M.D. Fla. June 11, 2008). A deficiency "'is the amount of tax imposed less any amount that may have been reported by the taxpayer on his return. Where there has been no tax return filed, the deficiency is the amount of tax due.'" *Id.* (quoting *Laing v. United States*, 423 U.S. 161, 173-74 (1976)). If the IRS determines that there is a deficiency, the IRS is authorized to send notice of such deficiency to the taxpayer pursuant to 26 U.S.C. § 6212(a). *Id.* An "assessment" is a procedure in which the IRS "records the liability of the taxpayer in IRS files." *Id.* at *3. "[T]he mailing of a notice of deficiency is a statutory prerequisite to a valid tax assessment." *Id.* at *2 (citing 26 U.S.C. § 6213(a); *Tavano v. Comm'r*, 986 F.2d 1389, 1390 (11th Cir.1993)).[4]

Federal income tax assessments are presumed to be valid. *United States v. Chila*, 871 F.2d 1015, 1018 (11th Cir. 1989); *George v. United States*, 819 F.2d 1008, 1013 (11th Cir. 1987) ("The

---

[4] 26 C.F.R. § 301.6203 states: "The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment."

commissioner's determination of a tax deficiency is presumed to be correct."). Unless a taxpayer shows that the IRS computed a tax assessment arbitrarily and without foundation, the IRS's calculation of the assessment is presumptively correct. *United States v. Mathewson*, 839 F. Supp. 858, 860 (S.D. Fla.1993) (citing *Chila*, 871 F.2d at 1018).

Pursuant to Rule 55(b)(2), Federal Rules of Civil Procedure, the Court may enter default judgment against Daiana. This Court has jurisdiction pursuant to 28 U.S.C. § 1340, which provides for original jurisdiction over "any civil action arising under any Act of Congress providing for internal revenue . . . ." By failing to answer the Complaint, Daiana is deemed to have admitted that the taxes, interest, and penalties were assessed against her, that notices of assessment and demands for payment were issued to her, and that she failed to satisfy the assessments. Furthermore, the IRS's calculation of the assessments against Daiana is presumptively correct, and Daiana has not challenged that calculation. *Chila*, 871 F.2d at 1018-19. The United States' allegations are sufficient to establish Daiana's liability to the United States for unpaid federal income tax for 2005, 2006, 2009, 2010, and 2011, in the amount of $54,258.21, as of January 29, 2018, plus penalties and interest. *See* Doc. No. 1 at ¶¶ 12-15; Doc. No. 52 at 2-6; Doc. Nos. 52-1 – 52-4.

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **GRANT** the Motion (Doc. No. 52); and
2. Direct the Clerk to enter a default judgment in favor of the United States and against Daiana Rodriguez on Count I for unpaid federal income tax for 2005, 2006, 2009, 2010, and 2011, in the amount of $54,258.21, as of January 29, 2018, plus penalties and interest that continue to accrue as provided by law, for which sum let execution issue.

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on May 3, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties
Courtroom Deputy